UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-22371-BLOOM/Otazo-Reyes**

ASSOCIATED ENERGY GROUP, LLC,

    Plaintiff,

v.

LINEAS AEREAS
SURAMERICANAS, S.A.S,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff Associated Energy Group, LLC's Complaint, ECF No. [1]. For the reasons discussed below, the above-styled case is dismissed without prejudice.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all

defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022). Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

Case No. 23-cv-22371-BLOOM/Otazo-Reyes

On June 26, 2023, Plaintiff, a limited liability company, filed a Complaint against Lineas Aereas Suramericanas, S.A.S. ECF No. [1]. The Complaint does not explicitly allege the basis of subject matter jurisdiction. *See* ECF No. [1]. Plaintiff has not alleged original jurisdiction or jurisdiction under any statutory grant. *See id*. As such, the Court considers whether it possesses diversity jurisdiction because Plaintiff did allege the amount of controversy and the citizenship of the parties. ECF No. [1] ¶¶ 2-3, 6. The Complaint alleges that Plaintiff is a limited liability company, organized and existing under the laws of the State of Texas, registered to do business in the State of Florida, and with a principal place of business in Miami-Dade County *Id.* ¶ 2. The Complaint further alleges that Defendant is a foreign company incorporated under the laws of Colombia, with a principal place of business in Bogota. *Id.* ¶ 3. The Complaint also alleges an amount in controversy in excess of $651,422.84. *Id.* ¶ 6. Those allegations are insufficient to plead proper subject matter jurisdiction on the basis of diversity jurisdiction.

The Eleventh Circuit has held on numerous occasions that, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of a limited liability company, "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). Here, the Complaint does not allege the citizenships of all the members of the Plaintiff.

If the party invoking the court's jurisdiction fails to adequately do so, as Plaintiff has failed to do here, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP L.P.*, 374 F.3d at 1022. As a result, the allegations in the Complaint are insufficient to confer subject matter jurisdiction in this case under 28 U.S.C. § 1332(a).

Case No. 23-cv-22371-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file an Amended Complaint correcting the deficiency noted above **no later than July 5, 2023.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record